# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| MARTELL ANTWON MINGO, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV614-099 |
| | ) | CR612-018 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Martell Antwon Mingo pled guilty to Count 1 of a drug conspiracy indictment (docs. 839 & 852)[1] and waived his direct appeal and collateral review rights.[2] His counsel, however, failed to file a Notice of Post-

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

[2] The plea agreement states that,

"[t]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, *including* a §2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the government's right to appeal, but if the government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Conviction Consultation Certification ("Notice") -- something routinely filed in cases before this Court. *See, e.g., United States v. Smith*, CR614-012, doc. 26 (S.D. Ga. Sept. 4, 2014).

As explained in *Eason v. United States*, 2014 WL 4384652 (S.D. Ga. Sept. 3, 2014) and *Ortega v. United States*, 2014 WL 3012657 (S.D. Ga. July 2, 2014), lawyers have a duty to consult with their client about taking a direct appeal -- even in appeal-waiver cases. *See Ortega*, 2014 WL 3012657 at *1 n. 2 (collecting cases); *United States v. Henderson*, 2014 WL 4063930 at *2 (E.D. La. Aug. 13, 2014) (citing this Court's Notice form in granting a second-chance appeal: "It is clear that, even though Henderson waived virtually all of his post-conviction and appellate rights, his counsel's failure to file a requested notice of appeal constitutes *per se* ineffective assistance of counsel.").

Every lawyer's failure to do so (and file the Notice proving that fact) can result in costly evidentiary hearings and "second-chance appeals." *Hayes v. United States*, 2011 WL 3468799 at * 5 n. 5 (S.D. Ga. Aug. 9, 2011) ("It is not difficult to estimate that § 2255 motions like this cost the taxpayers $10,000 or more, and in a time of record national

---

Doc. 852 at 10 (emphasis added). Mingo pleads none of the exceptions here.

debt."), *adopted*, 2011 WL 4704219 (S.D. Ga. Oct. 6, 2011). The costs associated with conducting the hearing (appointment of counsel for defendant, transporting him from a distant prison, burdening the court's time and limited resources) are avoided where defense counsel simply files the Notice reflecting his client's wishes regarding an appeal.").

Here the Court *once again* is faced with a double-waiver convict claiming he asked his lawyer to file a direct appeal yet was ignored. Doc. 1048 at 4 (Ground One: "Failure of counsel to file direct appeal when asked to do so was prejudicial.").[3] In contrast to *Ortega*, the docket here does not reflect that the Clerk furnished attorney Thomas Charles Rawlings with a copy of the Notice at the sentencing hearing (that of course does *not* excuse him from upholding his duty to consult). On the other hand, and evidently *because* of Mingo's double-waiver, there is no

---

[3] A similar claim in *Eason* was recently neutralized by that Notice, sparing counsel there from being summoned to a "he said, she said" hearing:

> Independent grounds support denial of Ground Four of Eason's § 2255 motion, where she faults her lawyer for failing to file the direct appeal that she claims, under penalty of perjury, to have expressly requested. Doc. 39 at 8. In fact, she expressly instructed him not to file a direct appeal. Doc. 41 at 4 ("Notice of Post–Conviction Consultation Certification," a form bearing Eason's signature, memorializing her informed decision not to take an appeal).

*Eason*, 2014 WL 4384652 at * 3.

sentencing hearing transcript that perhaps might show that the sentencing judge distributed the Notice to counsel.[4]

The Court **DIRECTS** Rawlings to attest whether he upheld his duty to confer. He must detail what became of the Notice (did he receive one, was he otherwise aware of its existence, and if so, why was it not timely filed?). That affidavit is due (the government shall ensure that he files it) within 14 days of the date this Order is served. *Reed v. United States*, 2014 WL 1347455 at * 2 (S.D. Ga. Apr. 4, 2014), cited in *Henderson*, 2014 WL 4063930 at * 2. Mingo, who signed his § 2255 motion under penalty of perjury, doc. 1048 at 13, is reminded that § 2255 movants who lie to this Court may be prosecuted.[5]

---

[4] Since that time the Clerk -- at least, for the Savannah Division of this Court -- has routinely e-distributed the Notice to all appointed and retained counsel after they first appear in a criminal case. *See, e.g., United States v. Strong*, CR414-341 doc. 5 (S.D. Ga. Sept. 9, 2014) ("Notice to Defense Counsel" bearing a copy of the Notice).

[5] Lying under oath, either live or "on paper," is illegal. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); id., doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009 (unpublished); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

**SO ORDERED** this  22nd  day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA