# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| MARTELL ANTWON MINGO, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV614-099 |
| | ) | CR612-018 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

Previously in this 28 U.S.C. § 2255 proceeding brought by Martell Antwon Mingo, the Court directed his appointed lawyer, Thomas Charles Rawlings, to respond to Mingo's claim that Rawlings failed to comply with Mingo's request that a direct appeal be filed. CR612-018, doc. 1049, *reported at* 2014 WL 4702577. Rawlings attested that he duly consulted with Mingo about his direct appeal rights just after the Court sentenced him. Doc. 1050 at 2. Mingo, he says, then signed the Court's "Notice of Post-Conviction Consultation Certification ("Notice") electing *not* to appeal. *Id.* at 2-3.[1] This is not surprising, given Mingo's appellate

---

[1] Furthermore, says Rawlings, Mingo never asked him to file an appeal, even when the two later conferred about a prison transfer. Doc. 1050 at 3.

waiver, as explained to him *during* his guilty-plea hearing. Doc. 1065 at 31, 34, 35, 37; *see also* doc. 1049 at 1-2 (he also waived his collateral appeal rights).

But then this case took a wrong turn. Rawlings swore that, immediately after he consulted with Mingo, he handed the Notice to the courtroom deputy clerk to file. Doc. 1050 at 2. Yet it is *not* in the record.[2] By that point the Court "ha[d] been reviewing Mingo's § 2255 motion under Rule 4(b) of the rules governing 28 U.S.C. § 2255 proceedings. The Government ha[d] not been given a chance to respond." Doc. 1058, *reported at* 2014 WL 5393575. So, the Court gave it that chance. *Id.*

In its response, the government discloses the U.S. Justice Department's about-face on its waiver practices. Some background: Until recently, local prosecutors sometimes demanded and received direct and collateral review waivers from plea bargaining defendants. The government would then, upon receipt of a § 2255 motion, seek to

---

[2] The deputy clerk's sentencing "Minutes" form has a preprinted "Notice of Counsel's Post-Conviction Obligations Provided" line on it. It is unchecked. Doc. 831. The sentencing hearing transcript ends with this from Rawlings: "Thank you. If I may be excused, Your Honor, I'm going to file this with the Clerk and I'll be on my way to Macon." Doc. 1055 at 19.

2

enforce such waivers. *See, e.g., Brown v. United States*, 2013 WL 3831649 at * 1 (S.D. Ga. July 23, 2013) (William Benjamin Brown, who pled guilty to failing to register as a sex offender and possessing ammunition as a convicted felon, moves for 28 U.S.C. § 2255 relief. The government contends that Brown's motion is barred, since he waived his rights to appeal and collaterally attack his conviction and sentence.") (cite omitted), *adopted*, 2013 WL 3967352 (S.D. Ga. Aug. 1, 2013).

But now -- as will be shown below -- the Department has changed its policy about pursuing new waivers. As for existing waivers, the policy seems to be this: Where ineffective assistance claims could, in the judgment of the U.S. Attorney, reasonably have some basis, the government will not enforce the waiver. But where such claims lack even facial merit, it will. Hence, in this case:

> The government will not invoke the collateral-attack waiver in Mingo's plea agreement to foreclose this particular [i.e., *his lost-appeal*] claim. On October 14, 2014, Deputy Attorney General James M. Cole issued a memorandum announcing a new Department of Justice policy concerning claims of ineffective assistance of counsel: "[f]or cases in which a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve." If Mingo's allegation is correct, then he suffered prejudice by missing a desired appeal.

This Court should hold an evidentiary hearing to resolve this disputed issue of fact.

Doc. 1066 at 7-8.[3]

---

[3] Of course, the Court is not bound by the Justice Department's policy change. In quest of leniency, a defendant who plea bargains for reduced sentencing exposure is able to point to that plea as proof that he has accepted responsibility -- a point the sentencing judge may well consider in being lenient. It is in that sense that the judge absorbs and thus may be said to rely upon the plea bargain. And where that bargain (as was the case here) includes a double waiver, the judge can be influenced by that, too, since the defendant is sparing the taxpayers both direct appeal and collateral review expenses (a natural corollary to the spared-trial-expense component of the acceptance-of-responsibility factor in U.S. Sentencing Guidelines Manual § 3E1.1(b)).

Here, for that matter, the sentencing judge acknowledged Mingo's waiver when determining the sentence. Doc. 1055 at 15 ("And also, the Court is mindful that he has waived his appellate rights, but he has received more than appropriate benefits by the plea agreement; and so a sentence at the high end of the Advisory Guidelines is appropriate in this case, and the Court imposes such.").

What has been happening in "lost Notice" cases like this, however, is that the guilty-plea convicted defendant gets sentenced, and then is free to examine the record and spot a missing Notice. Later, at no cost to him (there is no filing fee for § 2255 motions), he may file a § 2255 motion claiming he wanted to appeal but his lawyer ignored him. In that instance, the very same sentencing judge who may well have relied upon that defendant's acceptance of responsibility when exercising sentencing leniency is now asked to reverse the deal, thus enabling the movant to consume the very judicial resources that he claimed to relinquish in pursuit of leniency.

All of that, of course, burdens the public fisc. *See Hayes v. United States*, 2011 WL 3468799 at * 5 n. 5 (S.D.Ga. Aug. 9, 2011) (estimated $10,000 expense for every "lost appeal" case: judicial and staff time; prisoner transport costs for each evidentiary hearing; hearing transcript; payment for new counsel expense; direct appeal costs if the movant prevails, etc.). Hence, every failure to file a Notice can result in costly evidentiary hearings and "second-chance appeals."

That is why the Court has cautioned counsel who fail to use the Notice that, if they were appointed under the Criminal Justice Act, they will not be paid for their services, and whether retained or appointed, they may be required to pay some or all of the expenses associated with conducting a § 2255 hearing that would have been unnecessary had the Notice been used. *Holland v. United States*, 2014 WL 5241531 at * 3 n. 8 (S.D. Ga. Oct. 14, 2014), *adopted*, 2014 WL 6485591 (S.D. Ga. Nov 17, 2014). In *Holland*, by the way, defense counsel failed to file the Notice, and Holland

In contrast, the government stands on Mingo's *collateral* appeal waiver on ineffective-assistance-of-counsel claims that do *not* go to his direct appeal right:

> In his plea agreement, Mingo "voluntarily and expressly" waived "the right to collaterally attack the sentence in any post-conviction proceeding, including a 2255 proceeding, on any ground," and without any exception. (Doc. 852 at 10.) A collateral attack "[w]aiver will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997). By signing his plea agreement, Mingo confirmed that he had read and understood the entire document, including the collateral-attack waiver. (Doc. 852 at 13.)

*Id.* at 8; *see also McReed v. United States*, 2014 WL 1238037, at * 5 (S.D. Ga. Mar. 21, 2014) (collecting cases). Again, the Rule 11 transcript here shows that Mingo clearly understood his waiver. Doc. 1065 at 31, 34, 35, 37. The double waiver is enforceable.

Even if this Court rejects the Government's position (per the new Justice Department policy), it agrees with it that Mingo is entitled to an

---

likewise sought to exploit that omission. Nevertheless, the Court held him to his double waiver *without* seeking the government's response (i.e., it denied the motion upon preliminary review under § 2255 Rule 4(b)). *Id.,* 2014 WL 5241531 at * 3. An important distinction arose there: Holland never "claim[ed] that he asked [his lawyer] to file a direct appeal for him." *Id.* at * 1 n. 3. Here, in contrast, Mingo affirms under penalty of perjury that he did. Doc. 1057. The government, in turn, concedes he is entitled to an evidentiary hearing. Doc. 1066 at 10.

evidentiary hearing to resolve the factual conflict between Mingo and Rawlings -- despite any showing that he knowingly waived his appellate and collateral rights. Doc. 1066 at 10. It is settled, after all, that an attorney's failure to file a requested notice of appeal is *per se* ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 483-86 (2000); *Gaston v. United States*, 237 F. App'x 495, 495 (11th Cir. 2007). And a defendant claiming ineffective assistance on that score need not demonstrate an ability to raise meritorious issues on appeal. *Roe*, 528 U.S. at 477-78. Instead, he can prove ineffective assistance by showing a "reasonable probability" that he would have timely appealed had counsel not failed to file an appeal on his behalf. *Id.* at 484. This is the case despite his double waiver. *Gaston*, 237 F. App'x at 497 (no burden to show the issue he would raise falls outside his waiver); *Gomez–Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005).

The double waiver, however, will most likely be enforced by the appellate court, which means a win here will net Mingo nothing more than a waste of judicial resources. *See, e.g., Brown v. United States*, 256 F. App'x 258, 261-62 (11th Cir. 2007) (§ 2255 movant's right to collateral

review was waived by sentence appeal waiver in plea agreement); *Austin v. United States*, 2014 WL 3385307 at * 5 (S.D. Ga. Aug. 18, 2014).

In any event, the Court determines whether Mingo is entitled to an evidentiary hearing on his lost-appeal claim by asking, under cases like *Gomez–Diaz*, 433 F.2d at 792-93, and *Friedman v. United States*, 588 F.2d 1010 (5th Cir. 1979), does the record conclusively negate the factual assertions in his § 2255 motion? *Id.* at 1015. If not, would Mingo be entitled to relief if his factual allegations are proved true? *Id.* If the answer is no and yes respectively, then the Court must conduct a hearing to ascertain the validity of those assertions. *Id.*[4]

Here the record fails to negate conclusively Mingo's "lost-appeal" claim. The "Notice" that Rawlings swears exists never made it into the record.[5] So there is no documentation to negate Mingo's assertion --

---

[4] In that regard, "contested fact issues in § 2255 cases cannot be resolved on the basis of affidavits." *Friedman*, 588 F.2d at 1015; *see also Machibroda v. United States*, 368 U.S. 487, 495 (1962) ("Not by the pleadings and the affidavits, but by the whole of the testimony, must it be determined whether the petitioner has carried his burden of proof and shown his right to a discharge.") (quotes and cite omitted); *United States v. Henderson*, 2014 WL 4063930 at * 3 (E.D. La. Aug. 13, 2014); *United States v. Rivas-Lopez*, 678 F.3d 353, 358-59 (5th Cir. 2012) (evidentiary hearing required for allegation of ineffective assistance of counsel because of conflicting accounts and incomplete record on relevant factors).

[5] Defense counsel should consult with their clients immediately after sentencing, then execute the Notice, then personally file it *at the Clerk's Office* (ideally before leaving the courthouse). If a client refuses to sign the Notice, counsel should write on

7

despite his signed, double-waiver guilty plea agreement -- that he directed Rawlings to file a direct appeal. *Compare Eason v. United States*, CV614-073, doc. 2 at 9-10, 2014 WL 4384652 at * 3 (S.D. Ga. Sept. 3, 2014) (rejecting same claim because the Notice form *filed* in that case proved that movant had expressly elected not to appeal), *adopted*, doc. 6, 2014 WL 4956680 (S.D. Ga. Oct. 2, 2014), *COA denied*, doc. 14 (S.D. Ga. Nov. 17, 2014). Hence, the Court is left with a swearing match.

An evidentiary hearing is thus warranted on Ground One of Mingo's § 2255 motion. *Moore v. United States*, 2014 WL 1152860 at * 19 (S.D. Ala. Mar. 21, 2014) (ordering evidentiary hearing on conflicting evidence whether movant instructed attorney to file an appeal); *Johnson v. United States*, 2013 WL 6799204 at * 11 (M.D. Fla. Dec, 23, 2013) ("Where, as here, a decision on counsel's ineffectiveness for failure to file a notice of appeal requires a credibility determination and the pleadings are insufficient to establish the content of the communications between a defendant and his counsel, an evidentiary hearing is necessary. *Gomez-Diaz v. United States*, 433 F.3d at 792.").

---

it "client refused to sign," file it, then appeal in light of *Anders v. California*, 386 U.S. 738 (1967), cited in *Brown*, 256 F. App'x at 261-62.

8

Normally, the Court would defer resolution of Mingo's remaining § 2255 claims, but the government correctly argues that they are waived, doc. 1066 at 8-9, and conclusory:

> Mingo's remaining claims are all impermissibly conclusory.[6] In ground two, he alleges that Rawlings was ineffective for failing to object to incorrect items in the PSI. (Doc. 1 at 5.) He does not specify which items were allegedly incorrect or demonstrate why they are wrong. In ground three, he alleges that Rawlings was ineffective for failing to contest the career offender designation. (Doc. 1 at 7.) He does not offer any hint of factual or legal basis on which his designation was erroneous. In ground four, he alleges that Rawlings was ineffective for failing to bring to the Court's attention two Supreme Court decisions. (Doc. 1 at 8.) He does not specify which aspect of either of those decisions he wishes to invoke nor does he explain how it would alter the outcome of his sentence. Recognizing the conclusory nature of his claims, Mingo promised four times to file a memorandum of law within ten days. (Doc. 1 at 4, 5, 7, 8.) More than two months later, he still has filed nothing. Therefore, this Court should dismiss his claims with prejudice.

*Id.* at 9-10 (footnote added). Accordingly, in a post-hearing Report and Recommendation, the Court will advise that Grounds Two, Three and Four be summarily **DENIED**. For the moment, the Deputy Clerk is

---

[6] *See Chavez v. Sec'y Fl. Dep't of Corrs.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("The allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing."), quoted in *Holland*, 2014 WL 5241531 at *2; *United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012) (no evidentiary hearing required when petitioner's allegations to support claim of ineffective counsel were conclusory); 39A C.J.S. HABEAS CORPUS § 418 (Nov. 2014) ("A petition may be dismissed without a hearing where it is not self-sustaining, or where allegations are vague or conclusory, and the same is true where the allegations are frivolous or without merit.") (footnotes omitted).

**DIRECTED** to appoint new counsel for Mingo and schedule an evidentiary hearing on Ground One.

**SO ORDERED** this 17Th day of December, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**